UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BUC-EE'S, LTD., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>JOHN DOE d/b/a CRAB.RANGOONS2, §<br>§<br>Defendant. § | CIVIL ACTION NO. _____<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff Buc-ee's, Ltd. ("Plaintiff" or "Buc-ee's"), appearing through its undersigned counsel, alleges as follows:

## NATURE OF ACTION AND JURISDICTION

1.      This is an action for counterfeiting, trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*; and for trademark infringement, unfair competition, trademark dilution, and unjust enrichment under Texas law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over Defendant because it engaged in wrongful action in Texas, including acts within this District, and holds itself out as domiciled in Texas.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Buc-ee's claims occurred here.

**THE PARTIES**

5.    Plaintiff is a Texas limited partnership with a principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

6.    Defendant operates an online shop called "Crab Rangoons" or "@crab.rangoons2," which offers infringing and counterfeit merchandise featuring Plaintiff's trademarks.

7.    The true name and identity of Defendant is unknown to Plaintiff at this time. On information and belief, Defendant is an entity operating in San Antonio, Texas who offers items for sale to Texas residents. Plaintiff believes that information obtained in discovery, including information held by Meta Platforms, Inc. and Shopify, will lead to the identification of Defendant. Plaintiff will seek leave to amend this Complaint when the true name and identity of Defendant has been ascertained.

8.    Crab Rangoons advertises itself as being based in San Antonio, Texas on its Etsy shop.

**FACTS**

**BUC-EE'S AND ITS TRADEMARKS**

9.    Plaintiff owns and operates a chain of stores and travel centers under the mark BUC-EE'S. For over four decades, Plaintiff has offered high quality convenience-store, gas-station, and related services to the public through its BUC-EE'S stores.

10.    Plaintiff's stores are not like other convenience stores. They are "highway oases," as *Texas Monthly* put it in 2019. For legions of fans, Buc-ee's "has become the rare brand—like Apple and Costco—that inspires loyalty that goes well beyond rational consumer calculations." *See* **Exhibit A**. Over 10,000 customers visited Buc-ee's in New Braunfels on opening day in 2012. Consumers likewise began lining up at 6:00 a.m. when Plaintiff opened its Fort Worth store in

2

2016. Out-of-state visitors often remark: "I was told we couldn't go to Texas without stopping here."

11.    Plaintiff also offers a wide variety of merchandise, including t-shirts, sweatshirts, hats, mugs, stickers, decals, and more, to the public. Plaintiff also offers hot sandwiches and food, including its famous brisket sandwiches.

12.    In connection with these goods and services, Plaintiff has long and continuously used in commerce the mark BUC-EE'S (in word and design form) and the distinctive beaver logo shown below (the "Beaver Logo"). The mark BUC-EE'S and the Beaver Logo are referred to collectively herein as the "BUC-EE'S Marks."

 

13.    Plaintiff's Beaver Logo has become synonymous with the Buc-ee's brand. A segment about Buc-ee's that recently aired on CBS News' nationally syndicated Sunday Morning program begins: "We all know that feeling. You're out on the open road. Your gas tank is empty, and your bladder is full. Well in Texas, a lot of folks in this predicament, look for [Plaintiff's] cartoon beaver." The segment goes on to compare the Beaver Logo's renown to Mickey Mouse, observing: "Perhaps not since Mickey Mouse has a cartoon rodent captured the hearts . . . of so many." *See* **Exhibit B**.

14.    The Beaver Logo prominently appears on large pole signs visible from the highway, above entrances to Buc-ee's stores, on top of the gas-pump canopies, on signage inside the stores, and on an array of BUC-EE'S branded products and apparel sold in-store.

  

  

15.     Buc-ee's has become a household name due to Plaintiff's long use and promotion of the BUC-EE'S Marks. Plaintiff has grown its business from a single convenience store in Lake Jackson, Texas, to more than 50 stores across Florida, Texas, Missouri, Alabama, Georgia, South Carolina, Tennessee, Kentucky, and Colorado. Additional stores are under construction in additional states, including Arizona, Arkansas, Ohio, Mississippi, and Virginia.

16.     The BUC-EE'S Marks are inherently distinctive and serve to identify and indicate the source of Plaintiff's products and services to the consuming public.

17.     The BUC-EE'S Marks have become distinctive in the marketplace to designate Plaintiff, to distinguish Plaintiff and its offerings from those of others, and to distinguish the source or origin of Plaintiff's offerings. The consuming public in Texas and elsewhere in the United States widely recognizes and associates the BUC-EE'S Marks with Plaintiff.

4

18. As a result of Plaintiff's long use and promotion of the BUC-EE'S Marks, Plaintiff has acquired valuable common law rights in the marks.

19. As a result of over 40 years of extensive, continuous, and substantially exclusive use of the BUC-EE'S Marks within the State of Texas, the BUC-EE'S Marks are famous within Texas pursuant to TEX. BUS. & COM. CODE § 16.103.

20. In accordance with the provisions of federal and state law, Plaintiff has applied to register and registered certain of the BUC-EE'S Marks on the Principal Register of the United States Patent and Trademark Office and with the Texas Office of the Secretary of State. *See, e.g.*, U.S. Reg. Nos. 3,763,277; 3,246,893; 4,007,063; 4,007,064; 4,316,461; 4,316,457; 6,421,516; 6,421,517; 6,421,518; and 6,421,534; U.S. Ser. Nos. 98/957,673; 98/957,659; 98/957,685; and 98/957,689; Tex. Reg. No. 45055.

21. Plaintiff's registrations are valid and subsisting, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations and applications are attached as **Exhibit C**.

**DEFENDANT AND ITS UNLAWFUL ACTIVITIES**

22. Defendant operates an online business called Crab Rangoons that specializes in selling stickers, flags, and other items (including gun accessories).

23. Upon information and belief, Defendant operates its store from San Antonio, Texas, selling products to online buyers and shipping orders directly to customers. Defendant advertises its merchandise online, including through its social media account.

24. Upon information and belief, Defendant sells merchandise, including flags and stickers, featuring Plaintiff's Beaver Logo.

25.    Representative examples of the infringing and counterfeit merchandise are shown below:











26.    Defendant's product listings explicitly promote the infringing products as illustrations of "Bucee," with one entry (shown below) specifically referencing Buc-ee's famous brisket: the "fresh brisket on the board headband."



27.    Defendant's infringing merchandise is in direct competition with Buc-ee's own merchandise, as Buc-ee's also sells apparel, stickers, and related merchandise.

28.    Upon information and belief, Defendant had prior knowledge of Plaintiff's BUC-EE'S Marks before using Plaintiff's Beaver Logo on the infringing merchandise.

29.    Defendant intentionally copied the BUC-EE'S Marks to simulate Plaintiff's well-known brand and exploit the public goodwill associated with Plaintiff's BUC-EE'S Marks.

30.    Defendant intends to deceive consumers into believing that Defendant is connected to, associated with, or affiliated with Plaintiff through Defendant's use of the BUC-EE'S Marks on the infringing merchandise.

31.    Defendant's blatant copying of the BUC-EE'S Marks establishes that Defendant's actions were willful and undertaken in bad faith.

32. Defendant has used and promoted the BUC-EE'S Marks in commerce without Plaintiff's authorization. Defendant's use began long after Plaintiff developed rights in the BUC-EE'S Marks and after the BUC-EE'S Marks became famous.

## EFFECTS OF DEFENDANT'S UNLAWFUL ACTIVITIES

33. Defendant's unauthorized use of the BUC-EE'S Marks is likely to cause confusion among consumers. Consumers are likely to perceive a connection or association as to the source, sponsorship, or affiliation of the parties' products and services, when in fact none exists.

34. Defendant's unauthorized use of the BUC-EE'S Marks falsely designates the origin of its products and services and falsely represents circumstances with respect to Defendant and its products and services.

35. Defendant's unauthorized use of the BUC-EE'S Marks enables Defendant to trade on the goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for its goods and services not solely on its own merits, but on the reputation and goodwill of Plaintiff, its BUC-EE'S Marks, and its products and services.

36. Defendant's unauthorized use of the BUC-EE'S Marks unjustly enriches Defendant at Plaintiff's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the BUC-EE'S Marks developed and owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business.

37. Defendant's unauthorized use of the BUC-EE'S Marks removes from Plaintiff the ability to control the quality of products sold under the BUC-EE'S Marks. This places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

38. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

39. Plaintiff repeats the allegations above as if fully set forth herein.

40. The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered BUC-EE'S Marks in violation of 15 U.S.C. § 1114(1).

41. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the BUC-EE'S Marks, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the BUC-EE'S Marks. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(A))

42. Plaintiff repeats the allegations above as if fully set forth herein.

43. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Plaintiff has been damaged by Defendant's acts of trademark infringement, false designation or origin, false or misleading descriptions or representations of fact, and unfair competition.

## COUNT III: FEDERAL TRADEMARK COUNTERFEITING
### (15 U.S.C. § 1114)

45. Plaintiff repeats the allegations above as if fully set forth herein.

46.     The acts of Defendant complained of herein constitute use of counterfeit marks in advertising and on or in connection with the sale, offering for sale, and distribution of products in commerce in violation of 15 U.S.C. § 1114.

47.     Defendant's use of counterfeit marks was and is willful. Defendant intentionally used the BUC-EE'S Marks knowing it was selling or offering to sell counterfeit products.

48.     Plaintiff has been damaged by Defendant's acts of trademark counterfeiting.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49.     Plaintiff repeats the allegations above as if fully set forth herein.

50.     The acts of Defendant complained of here constitute common law trademark infringement and unfair competition in violation of the common law of the State of Texas.

## COUNT V: DILUTION UNDER TEXAS LAW

51.     Plaintiff repeats the allegations above as if fully set forth herein.

52.     The acts of Defendant complained of herein constitution dilution of Plaintiff's famous BUC-EE'S Marks in violation of Texas Business and Commerce Code § 16.103.

53.     Defendant willfully intended to trade on the recognition of the famous BUC-EE'S Marks.

## COUNT VI: COMMON LAW UNJUST ENRICHMENT

54.     Plaintiff repeats the allegations above as if fully set forth herein.

55.     Defendant's actions have unjustly enriched it at the expense of Plaintiff.

56.     By using the BUC-EE'S Marks, Defendant has knowingly and voluntarily obtained a benefit to which it is not entitled.

57.     It would be inequitable for Defendant to retain the benefit of using the BUC-EE'S Marks without paying that value to Plaintiff.

**58.**     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff in violation of the common law of the State of Texas.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands that:

(a)     Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from designing, displaying, advertising, offering for sale, manufacturing, shipping, delivering, selling, or promoting any product that incorporates or is marketed in conjunction with Plaintiff's BUC-EE'S Marks and/or any other mark, name, or design confusingly similar to (or likely to cause dilution of) those marks, names, or designs, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b)     Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all products, packaging, signage, advertisements, internet postings and advertisements, and any other materials bearing or using Plaintiff's BUC-EE'S Marks and/or any other mark, name, or design that is confusingly similar to those marks, names, or designs;

(c)     Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d)     Plaintiff recover all damages it has sustained as a result of Defendant's counterfeiting, infringement, unfair competition, dilution, and unjust enrichment, and that said damages be trebled;

11

e)      An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case or trebled under 15 U.S.C. § 1117 as a result of Defendant's counterfeiting;

f)      Alternatively, if greater, Plaintiff recover statutory damages under 15 U.S.C. § 1117 as a result of Defendant's counterfeiting;

g)      Plaintiff recover its reasonable attorneys' fees;

h)      Plaintiff recover its costs of this action and prejudgment and postjudgment interest; and

i)      Plaintiff recover such other relief as the Court may find appropriate.

### JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated:  May 29, 2025

*/s/ Jered E. Matthysse*
Jered E. Matthysse
Texas Bar No. 24072226
Alexandra H. Bistline
Texas Bar No. 24092137
Taylor Luke
Texas Bar No. 24136989
PIRKEY BARBER PLLC
1801 East Sixth Street, Suite 300
Austin, Texas 78702
Telephone: (512) 322-5200
Fax: (512) 322-5201
jmatthysse@pirkeybarber.com
abistline@pirkeybarber.com
tluke@pirkeybarber.com

*ATTORNEYS FOR PLAINTIFF*

12